UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DORA BROWN,

        Plaintiff,

-against-

APPLE CORPORATION,

        Defendant.

1:19-CV-6648 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Dora Brown, of New York, New York, who appears *pro se*, brings this action under the Court's diversity jurisdiction. She sues the Apple Corporation ("Apple"), of Cupertino, California. She seeks unspecified relief. By order dated November 1, 2019, the Court granted Plaintiff's request to proceed *in forma pauperis*. For the reasons set forth below, the Court dismisses this action for lack of subject-matter jurisdiction, but grants Plaintiff 30 days' leave to file an amended complaint to address the deficiencies identified below.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of*

*Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

Plaintiff's complaint is difficult to read. Plaintiff seems to assert that her iPhone and her iPad, which were manufactured by Apple, have been infected by a computer virus despite Apple's purported reputation for manufacturing products with adequate security. She also appears to allege that Apple has been unable to fix her iPhone and iPad. Plaintiff asks the Court to order Apple to pay an unspecified amount of compensation.

## DISCUSSION

The subject-matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when the plaintiff and the defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject-matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)); *see* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative . . . .").

Plaintiff alleges insufficient facts to suggest that the Court has diversity jurisdiction over this action. To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must first allege

that she and the defendant are citizens of different states. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). An individual is a citizen of the State where she is domiciled, which is defined as the place where a person "has [her] true fixed home . . . and to which, whenever [s]he is absent, [s]he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). A corporation is a citizen "of any State by which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) (a corporation's principal place of business is its "nerve center," usually its main headquarters). In addition, the plaintiff must also allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000, the statutory jurisdictional amount. *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted); *see* § 1332(a)

Plaintiff alleges that she is a citizen of New York, and that Apple is a citizen of California because it is incorporated in that State and has its principal place of business in that State. (ECF 2, p. 2-3.) But Plaintiff fails to allege facts showing that her claims satisfy the statutory jurisdictional amount, an amount in excess of the sum or value of $75,000.

The Court can dismiss a diversity action for failing to show that the claims do not satisfy the statutory jurisdictional amount, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke federal jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses.").

Here, Plaintiff does not allege any facts in the complaint suggesting that she is legally entitled to an amount that exceeds the sum or value of $75,000. She does not assign any value to the damage caused by Apple's alleged actions or inaction. Thus, on the face of the complaint, Plaintiff has not pleaded facts that would, if true, enable her to recover more than $75,000. *Ochoa*, 999 F.2d at 629. For this reason, this action must be dismissed.

But district courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects unless it would be futile to do so. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court will therefore give Plaintiff one more opportunity to allege sufficient facts to establish that diversity jurisdiction exists.

To satisfy her burden, Plaintiff must allege facts showing that Apple's injuries to her exceed the sum or value of $75,000. If Plaintiff is unable to meet this burden in an amended complaint, the Court will enter a judgment dismissing this action for lack of subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

## CONCLUSION

The Court directs the Clerk of Court to assign this action to my docket and note service on the docket.[1]

The Court dismisses this action for lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(h)(3). But the Court grants Plaintiff leave to file, within thirty days of the date of this order, an amended complaint to establish diversity jurisdiction. If Plaintiff fails to comply within the

---

[1] Plaintiff has consented to electronic service of Court documents. (ECF 3.)

4

time allowed, and she cannot show good cause to excuse such failure, the Court will enter a judgment dismissing this action for lack of subject-matter jurisdiction.[2] *See id*.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court also directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: November 13, 2019
New York, New York

_____
COLLEEN McMAHON
Chief United States District Judge

---

[2] Following Plaintiff's filing of her complaint in this action, the Court warned Plaintiff, in other *pro se* actions that she has brought in this Court, that if she continues to file duplicative or frivolous litigation in this Court, the Court will issue an order barring her from filing any future civil actions in this Court *in forma pauperis* without the Court's permission. *E.g.*, *Brown v. Microsoft Corp.*, ECF 1:19-CV-6649 (LTS), 9 (S.D.N.Y. Sept. 30, 2019); *see* 28 U.S.C. § 1651. The Court reiterates those warnings.